**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAVEL FERRERA PARRA,<br>Plaintiff,<br>v.<br>SALAZAR INVESTIGATIONS, LLC., *et al.*,<br>Defendants. | Civil Action No. 25-1954 (MAS) (RLS)<br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court upon *pro se* Plaintiff Ravel Ferrera Parra's ("Plaintiff") civil complaint (ECF No. 1) and most recent application to proceed *in forma pauperis* (ECF No. 17). Having reviewed the application, the Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, the Court is required to screen Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim that is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's Complaint shall be dismissed without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff filed his Complaint on March 18, 2025. (*See generally* Compl., ECF No. 1.) Plaintiff asserts claims against Salazar Investigations, LLC (the "Company"), Eduardo Salazar ("E. Salazar"), and Jennifer Salazar ("J. Salazar" and collectively with the Company and E. Salazar, "Defendants") arising from a Professional Services Agreement (the "Agreement") executed on March 19, 2024. (*Id.* at ¶¶ 3-7.) Plaintiff alleges that he paid Defendants $19,260 for

their services under the Agreement, but Defendants failed to perform any substantive investigative work. (*Id.* ¶¶ 8-9.) The Complaint alleges four causes of action against Defendants: (1) breach of contract ("Count One"); (2) "fraud [and] misrepresentation" ("Count Two"); (3) unjust enrichment ("Count Three"); and (4) wire fraud under 18 U.S.C. § 1343 ("Count Four"). (*Id.* ¶¶ 7-21.)

Plaintiff alleges that the Court has diversity jurisdiction over this matter.[1] (*Id.* ¶ 1.) Plaintiff alleges that he "was a resident of New Jersey" and that the Company is a "Florida-based private investigative agency that falsely advertised services in multiple states." (*Id.* ¶¶ 3, 4.) Plaintiff does not allege the citizenship of E. Salazar or J. Salazar. (*See generally id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, the Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)[2], a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal

---

[1] Moreover, the Civil Cover Sheet identifies diversity jurisdiction as the sole basis for this Court to exercise jurisdiction. (*See generally* Civil Cover Sheet, ECF No. 1-2.)

[2] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do[,]'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (second alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. **DISCUSSION**

Having granted Plaintiff *in forma pauperis* status, the Court begins with its independent obligation to satisfy itself of its subject matter jurisdiction. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010) ("[A] federal court always has jurisdiction to determine its [own] jurisdiction." (citing *United States v. Ruiz*, 536 U.S. 622, 628 (2002))); *Liberty Mut. Ins.*

*Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995) ("[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction[.]").

"Federal courts are courts of limited jurisdiction" as they "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). "[S]ubject-matter jurisdiction is proper in this Court in one of two ways: (1) by alleging a federal question on the face of the [c]omplaint; or (2) through diversity jurisdiction wherein the plaintiff brings his causes of action against [] defendant[s] from another state and seeks greater than $75,000 in damages." *Kissi v. Sarkodie*, No. 23-22852, 2024 WL 5075580, at *1 (D.N.J. Dec. 11, 2024) (citation omitted); *see also* 28 U.S.C. § 1331 (setting forth what is required for federal question jurisdiction); 28 U.S.C. § 1332 (setting forth what is required for diversity jurisdiction).

Plaintiff's Complaint alleges that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1331.[3] (Compl. 1.) Plaintiff fails to adequately allege diversity jurisdiction for three reasons. *First*, the Complaint does not sufficiently plead Plaintiff's citizenship because it only alleges that Plaintiff "*was* a resident of New Jersey." (Compl. ¶ 1 (emphasis added).) Diversity of citizenship is assessed as of the time the complaint is filed. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S.

---

[3] Plaintiff also identifies 18 U.S.C. § 1343, a federal statute, for the basis of his Count Four. (Compl. ¶¶ 34-35.) To the extent Plaintiff attempts to allege a federal claim under 18 U.S.C. § 1343, such an attempt fails because 18 U.S.C. § 1343: (1) is a criminal statute which does not provide a private cause of action; and (2) does not present a federal question for this Court to consider in this matter. *See Omniwind Energy Sys., Inc. v. Redo*, No. 14-5976, at *1 n.1 (E.D. Pa. Feb. 24, 2015) ("[The Court does] not have original jurisdiction in this matter pursuant to § 1331 as the complaint presents no federal question, notwithstanding plaintiffs' citation to 18 U.S.C. § 1343, a criminal wire fraud statute."); *Anderson v. ZFC Legal Title Tr. I*, No. 16-1499, 2016 WL 7408846, at *4 (D.N.J. Dec. 22, 2016) (noting that 18 U.S.C. § 1343 is the wire fraud statute and "[t]here is no private cause of action for a violation of . . . wire fraud statutes" (first alteration in original) (citation omitted)); *Patel v. Smith*, No. 10-4165, 2012 WL 1033716, at *2 (E.D. Pa. Mar. 28, 2012) (noting dismissal of claim asserting a violation of 18 U.S.C. § 1343 "since there is no recognized private right of action to recover for violations of [that section]"). The Complaint does not otherwise allege a federal claim on its face (*see generally* Compl.) and, therefore, the Court lacks federal question jurisdiction.

567, 570-71 (2004). Plaintiff's allegation that he "was" a resident of New Jersey does not adequately allege his citizenship as of the date the Complaint was filed. *Second*, the Complaint fails to allege the citizenship of E. Salazar or J. Salazar. (*See generally* Compl.) Without this information, the Court cannot determine whether complete diversity exists. *See Zambelli*, 592 F.3d at 419 ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant."). *Third*, Plaintiff alleges that the Company, whose name ends in "LLC[,]" is a Florida-based entity. (Compl. ¶ 4.) Plaintiff does not allege the corporate structure of the Company, which does not allow the Court to determine the Company's citizenship.[4]

Without more, the Court cannot determine whether complete diversity exists between the parties. Because Plaintiff does not adequately allege either diversity or federal question jurisdiction, the Court must dismiss the Complaint. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

## IV. **CONCLUSION**

Based on the foregoing, the Court grants Plaintiff's application to proceed *in forma pauperis* (ECF No. 17) but dismisses Plaintiff's Complaint without prejudice for lack of subject matter jurisdiction (*see generally* Compl.). The Court will issue an Order consistent with this Memorandum Opinion.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: 8/3/24

[4] For example, if the Company is a limited liability company, then its citizenship is determined by the "citizenship of its members." *Zambelli*, 592 F.3d at 420. If the Company is a corporation, it would be a "citizen both of the state where it is incorporated and of the state where it has its principal place of business." *Id.* at 419 (citing 28 U.S.C. § 1332(c)).